[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11560
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 96-00074-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOSES MARSHALL,
a.k.a. Raheen,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 2, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Moses Marshall, a federal prisoner convicted of crack cocaine offenses, appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.

## I. BACKGROUND

In 1999, a jury convicted Marshall of one count of conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846, and one count of possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).

The Presentence Investigation Report recommended that Marshall was responsible for more than 1.5 kilograms of cocaine base, resulting in a base offense level of 38 under the sentencing guidelines then in effect. U.S.S.G. § 2D1.1(c)(1) (1998). Although Marshall objected, the district court overruled the objection, finding "Mr. Marshall has to be held accountable for an amount in excess of one and a half kilograms, which is an offense level [of] 38." Marshall received a two-level enhancement for possessing a weapon during the conspiracy. U.S.S.G. § 2D1.1(b)(1). Marshall received an additional two-level enhancement for obstruction of justice. U.S.S.G. § 3C1.1. Marshall's total offense level of 42, combined with his category III criminal history, resulted in a guidelines range of

2

360 months to life imprisonment. The district court sentenced Marshall to 216 months of imprisonment.

In 2008, Marshall filed a pro se 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 706 to the Sentencing Guidelines. The district court denied Marshall's motion, finding that he was not eligible for a sentence reduction because Amendment 706 did not affect his guidelines range. On appeal, Marshall argues that the district court erred in denying his § 3582(c)(2) motion.

## II. DISCUSSION

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008), cert. denied, 129 S. Ct. 1657 (2009).

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."

United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009), and 129 S. Ct. 1601 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B).

After Marshall's sentencing, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines, which provides for a two level reduction in the base offense level for crack cocaine offenders responsible for between 1.5 and 4.5 kilograms of cocaine base. The district court's finding was that Marshall was accountable for a drug quantity of "in excess of one and a half kilograms." Because the district court did not say how many more kilograms in excess of 1.5 kilograms, it would be speculation to say it was more than 4.5 kilograms. Accordingly, giving Marshall the benefit of the doubt, we consider Marshall as responsible for 1.5 kilograms and Amendment 706 thus would reduce his offense level from 42 to 40. However, an offense level of 40, along with Marshall's category III criminal history, still results in the same guidelines range of 360 months to life imprisonment. U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Therefore, even if Marshall is entitled to a reduction under Amendment 706, he is not eligible for a § 3582(c)(2) sentence reduction because Amendment 706 does not "alter the sentencing range upon which his or her sentence was based." Moore, 541 F.3d at 1330. Given that Marshall's guidelines sentencing range did not change, the district court correctly recognized that it had no authority under §

4

3582(c)(2) to reduce his sentence. United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009).

Marshall's argument that he is eligible for a § 3582(c)(2) reduction based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), is foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009) (concluding that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"); Jones, 548 F.3d at 1369 (concluding that Booker does not provide a basis on which to grant a § 3582(c)(2) motion). Therefore, the district court did not err in refusing to use Booker and Kimbrough as a basis for a sentence reduction.

Marshall's contention that the district court denied his motion out of vindictiveness is unsupported by the record.

**AFFIRMED.**